UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **BERNADINE LYNCH, ET AL.** | **CIVIL ACTION** |
| **VERSUS** | **NO. 06-9837** |
| **LIBERTY MUTUAL FIRE INSURANCE COMPANY, ET AL.** | **SECTION B(5)** |

ORDER AND REASONS

Before the Court is Plaintiff's Motion To Remand. (Rec. Doc. No. 4). After review of the pleadings and applicable law, and for the reasons that follow,

**IT IS ORDERED** that Plaintiff's Motion is **GRANTED.**

*BACKGROUND*

On or about August 29, 2005, Hurricane Katrina caused extensive damage to Plaintiffs' property. Plaintiff's Liberty Mutual Fire Insurance Company ("Liberty") homeowner's insurance was effective on August 29, 2005. On October 18, 2005, Plaintiffs retained Carr and Associates, Inc. and Earl T. Carr, Jr. (collectively "Carr") as loss consultants/public adjusters to assist with Plaintiffs' homeowner's insurance claim. Plaintiffs entered into a written contract with Carr providing contingency fee payments. Carr negotiated with Liberty on Plaintiffs' homeowner's insurance claim. Subsequently, Liberty sent checks directly to Carr in settlement of Plaintiffs' claim.

On October 10, 2006 Plaintiffs filed suit against Defendants

in the 22nd Judicial District Court for the Parish of St. Tammany. Plaintiffs claim Carr confected a contingency fee contract and engaged in conduct all in violation of Louisiana law. Plaintiffs contend said contract is null and void. Plaintiffs seek to recover the insurance proceeds paid by Liberty from Carr. Alternatively, Plaintiffs name Liberty as a Defendant and request that Liberty cancel the checks previously issued to Carr and deposit the funds into the Court registry. Plaintiffs further request that Liberty issue all future checks directly payable to Plaintiffs.

Carr removed the matter to federal court asserting federal jurisdiction exists pursuant to 28 U.S.C. § 4072 as this case involves the administration of an existing National Flood Insurance Policy.[1]

Plaintiffs contend Plaintiffs' claims arise out of a contractual dispute and, therefore, 28 U.S.C. § 4072 is not applicable. Therefore, Plaintiffs contend this Court lacks jurisdiction and moves the Court to remand.

### *DISCUSSION*

While the Court recognizes the preemptive nature of the National Flood Insurance Act over actions arising out of claims handling of a Write Your Own ("WYO") flood insurance policy, the

---

[1] Carr asserted federal jurisdiction pursuant to 28 U.S.C. §§ 1331, 1367, 1369, 1441, 1446 and 42 U.S.C. § 4072 in its Notice of Removal. However, Carr solely relies on jurisdiction pursuant to 42 U.S.C. § 4072 to defeat Plaintiffs' motion to remand.

claims asserted by Plaintiff fall outside of the scope of jurisdiction afforded by 42 U.S.C. 4072. Section 4072 specifically provides jurisdiction for those claims arising out of flood insurance claims handling. Further, federal regulations clarify that the purpose of exercising federal jurisdiction over actions arising out of WYO claims handling is to accomplish "uniformity in the interpretation and standards applicable to the policies and their administration." 65 Fed.Reg. 60767 (Oct. 12, 2000). Here, Plaintiffs' claim arises out a contract between Carr and Plaintiffs. The terms and claims handling of Plaintiff's flood insurance contract are not at issue.

The Court declines to enlarge the scope of federal jurisdiction pursuant to 42 U.S.C. 4072 to encompass a contractual dispute between an insured and a private loss consultant/public adjuster. Therefore, the Court finds federal jurisdiction does not exist pursuant to 42 U.S.C. 4072. Accordingly,

**IT IS ORDERED** that Plaintiffs' Motion To Remand is **GRANTED**.

New Orleans, Louisiana this 31st day of January, 2007.

UNITED STATES DISTRICT COURT